# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BURTON,<br>CDCR #P-64954,<br><br>                              Plaintiff,<br><br><br>              vs.<br><br><br>DANIEL PARAMO, Warden, et al.,<br><br><br>                            Defendants. | Civil        14cv1732 AJB (BLM)<br>No.<br><br>**ORDER:**<br><br>**(1)  GRANTING PLAINTIFF'S<br>MOTION TO PROCEED<br>*IN FORMA PAUPERIS*<br>(ECF Doc. No. 2)**<br><br>**AND**<br><br>**(2)  SUA SPONTE DISMISSING<br>COMPLAINT FOR FAILING<br>TO STATE A CLAIM<br>PURSUANT TO<br>28 U.S.C. §§ 1915(e)(2)(B)(ii)<br>AND 1915A(b)(1)** |

Kevin Burton, ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil action (ECF Doc. No. 1).  Plaintiff has not prepaid the civil filing fee; instead he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

/ / /

## I.    PLAINTIFF'S MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119.  The Court has reviewed Plaintiff's trust account statement,

---

[1]  In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

1 as well as the attached prison certificate issued by a senior accounting officer at RJD
2 verifying his available balances, and has determined that Plaintiff has no available funds
3 from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4).

4 Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF Doc. No.
5 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the
6 entire $350 balance of the filing fees mandated will be collected and forwarded to the
7 Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C.
8 § 1915(b)(1).

9 **II.    INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(B)(ii) AND 1915A(b)(1)**

10 **A.    Standard of Review**

11 Notwithstanding IFP status or the payment of any partial filing fees, the PLRA also
12 obligates the Court to review complaints filed by all persons proceeding IFP and by
13 those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of,
14 sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or
15 conditions of parole, probation, pretrial release, or diversionary program," "as soon as
16 practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these
17 provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions
18 thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from
19 defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v.*
20 *Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v.*
21 *Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

22 All complaints must contain "a short and plain statement of the claim showing that
23 the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are
24 not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
25 mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
26 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether
27 a complaint states a plausible claim for relief [is] ... a context-specific task that requires
28 the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere

1    possibility of misconduct" falls short of meeting this plausibility standard.  *Id.*

2         "When there are well-pleaded factual allegations, a court should assume their

3    veracity, and then determine whether they plausibly give rise to an entitlement to relief."

4    *Iqbal*, 556 U.S. at 679.   However, while the court "ha[s] an obligation where the

5    petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally

6    and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342

7    & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)),

8    it may not, in so doing, "supply essential elements of claims that were not initially pled."

9    *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

10   "Vague and conclusory allegations of official participation in civil rights violations are

11   not sufficient to withstand a motion to dismiss."  *Id.*

12        **B.     42 U.S.C. § 1983**

13        "Section 1983 creates a private right of action against individuals who, acting

14   under color of state law, violate federal constitutional or statutory rights." *Devereaux v.*

15   *Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).   Section 1983 "is not itself a source of

16   substantive rights, but merely provides a method for vindicating federal rights elsewhere

17   conferred."  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks

18   and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1)

19   deprivation of a right secured by the Constitution and laws of the United States, and (2)

20   that the deprivation was committed by a person acting under color of state law." *Tsao v.*

21   *Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

22        **C.     Respondeat Superior and Individual Liability**

23        Plaintiff names as the only Defendant, Daniel Paramo, the Warden of RJD.  *See*

24   Compl. at 1.   However, his Complaint contains no factual allegations to show that

25   Warden Paramo actually knew of or took part in violating his constitutional rights.

26   "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that

27   each government-official defendant, through the official's own individual actions, has

28   violated the Constitution."  *Iqbal*, 556 U.S. at 676; *see also Jones v. Community*

1  *Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even
2  pro se plaintiff must "allege with at least some degree of particularity overt acts which
3  defendants engaged in" in order to state a claim).

4        As currently pleaded, it appears Plaintiff seeks to hold the Warden liable based
5  only on his general responsibility for all prisoners.   Plaintiff includes no details,
6  however, as to what Paramo or any RJD correctional officer specifically did, or failed to
7  do, which resulted in a constitutional violation.  *Iqbal*, 556 U.S. at 678 (noting that
8  FED.R.CIV.P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me
9  accusation," and that "[t]o survive a motion to dismiss, a complaint must contain
10  sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on
11  its face.'") (quoting *Twombly*, 550 U.S. at 555, 570).

12        To the extent it appears Plaintiff seeks to hold *any* person liable for causing him
13  harm, his pleading must contain sufficient "factual content that allows the court to draw
14  the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*,
15  556 U.S. at 678, and include a description of personal acts by each individual defendant
16  which show a direct causal connection to a violation of specific constitutional rights.
17  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor is only liable for the
18  constitutional violations of his subordinates if the supervisor participated in or directed
19  the violations, or knew of the violations and with deliberate indifference, failed to act to
20  prevent them.  *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Taylor*, 880 F.2d at 1045.  If
21  there is no affirmative link between a defendant's conduct and the alleged injury, as there
22  is none alleged here, there is no violation of the Constitution.  *Rizzo v. Goode*, 423 U.S.
23  362, 370 (1976).  "Causation is, of course, a required element of a § 1983 claim."  *Estate*
24  *of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999).  "The inquiry into
25  causation must be individualized and focus on the duties and responsibilities of each
26  individual defendant whose acts or omissions are alleged to have caused a constitutional
27  deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo*, 423 U.S.
28  at 370-71).

Based on these pleading deficiencies, the Court finds Plaintiff has failed to state a claim against any person, and his Complaint therefore requires dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### D.    Cruel and Unusual Punishment Claims

Even if Plaintiff had alleged facts sufficient to show that any individual person named as a defendant could be held liable under § 1983, his Complaint stills fails to "contain sufficient factual matter, accepted as true, [that] 'state[s] a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff sets forth vague and general allegations that he is not receiving adequate medical care for his "degenerative issues." Compl. at 1.

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To plead a violation of this duty, however, the prisoner must allege facts sufficient to show that an individual prison official was "deliberately indifferent to a serious threat to [his] safety." *Id.* at 834. The question under the Eighth Amendment is whether the official, acting with deliberate indifference, exposed the plaintiff to a sufficiently substantial 'risk of serious damage to his future health . . . .'" *Farmer*, 511 U.S. at 843 (citing *Helling*, 509 U.S. at 35). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." *Id.* at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." *Id.* at 836-37.

Thus, to state an Eighth Amendment claim, Plaintiff's Complaint must contain not just the "labels and conclusions," but some "further factual enhancement," *Iqbal*, 556 U.S. at 678, to show that each individual person he seeks to hold liable under § 1983 knew he faced an objectively serious risk to his safety or health, and also "inferred that

1  substantial harm might result from the risk." *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th
2  Cir. 1995).

3          Without more, however, the Court finds that as currently pleaded, Plaintiff's Eighth
4  Amendment claims contain only the "[t]hreadbare recitals of the elements of a[n Eighth
5  Amendment] cause of action," are "supported by mere conclusory statements," and
6  therefore, "do not suffice" to "state a claim to relief that is plausible on its face." *Iqbal*,
7  556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 570); *Lopez*, 203 F.3d at 1126-27;
8  *Resnick*, 213 F.3d at 446.  Nonetheless, because Plaintiff is proceeding in pro se, and he
9  has now been provided with "notice of the deficiencies in his complaint," the Court will
10  also grant him an opportunity to effectively amend.  *See Akhtar v. Mesa*, 698 F.3d 1202,
11  1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

12  III.    Conclusion and Order

13          Good cause appearing, **IT IS HEREBY ORDERED** that:

14      1.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF
15  Doc. No. 2) is **GRANTED**.

16      2.    The Secretary of the California Department of Corrections and
17  Rehabilitation, or his designee, will collect from Plaintiff's prison trust account the $350
18  filing fee owed in this case by collecting monthly payments from the account in an
19  amount equal to twenty percent (20%) of the preceding month's income and forward
20  payments to the Clerk of the Court each time the amount in the account exceeds $10 in
21  accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS WILL BE CLEARLY
22  IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

23      3.    The Clerk of the Court is directed to serve a copy of this Order on Jeffrey
24  A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box
25  942883, Sacramento, California, 94283-0001.

26  / / /

27          **IT IS FURTHER ORDERED** that:

28      4.    Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state

a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and

     5.    Plaintiff is **GRANTED** forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.").

     If Plaintiff fails to file an Amended Complaint within the time provided, this civil action will remain dismissed without prejudice and without further Order of the Court based on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

DATED: August 11, 2014

                                          Hon. Anthony J. Battaglia
                                          U.S. District Judge